# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Justin SHARRATT, | ) |
| | ) |
|     Plaintiff, | )    CIVIL ACTION NO. 3:08-229 |
| | ) |
| v. | ) |
| | )    JUDGE GIBSON |
| John MURTHA, | ) |
| | )    Electronically Filed |
|     Defendant. | ) |

### MEMORANDUM IN SUPPORT OF
### UNITED STATES' MOTION FOR SUBSTITUTION OF PARTY

### INTRODUCTION

On or about September 25, 2008, Plaintiff Justin Sharratt filed a complaint against Congressman John Murtha alleging, inter alia, state law tort claims against the Congressman. Count IV avers that Congressman Murtha's statements to the media regarding the November 19, 2005, incident in Haditha, Iraq, constitute "slander per se." Am. Compl. ¶ 43. Count V avers that Congressman Murtha's statements "placed Sharratt in a false light." Id. at ¶ 49. Count VI avers that Congressman Murtha's "intention" in making these statements was to cause Sharratt "severe emotional distress." Id. at ¶ 61. All of the above counts arise under Pennsylvania State law. See Scheetz v. Morning Call, Inc., 946 F.2d 202, 209 n.2 (3d Cir. 1991) (Mansmann, J., dissenting) (referring to false light as a common law tort) (citation omitted); Ne. Women's Ctr. v. McMonagle, 889 F.2d 466, 468 (3d Cir. 1989) (referring to slander and intentional infliction of emotional distress as common law torts).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671 et seq. (1988) ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679) ("Westfall Act"),

provides that a suit against the United States shall be the exclusive remedy when a plaintiff brings a state law claim resulting from the negligent or wrongful acts or omissions of a federal employee taken within the scope of his office or employment. 28 U.S.C. § 2679(b)(1). The Pennsylvania State law torts alleged by Sharratt fall within § 2679(a), which requires these claims to be brought against the United States, not the individual defendant.[1]

Section 6 of the Westfall Act provides that upon certification by the Attorney General that a federal official was acting within the scope of his federal office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall by operation of law be deemed an action against the United States under the FTCA, and the United States shall be substituted as sole defendant with respect to those claims. 28 U.S.C. § 2679(d)(1), (2). Authority to certify that the federal employee was acting within the scope of his federal office or employment has been delegated to directors of the Torts Branch. 28 C.F.R. § 15.4.

Timothy P. Garren, Director in the Torts Branch, Civil Division, United States Department of Justice, has certified that at the time of the conduct alleged, Congressman Murtha was acting within the scope of his employment. (See Ex. 1, Certification).

This certification acts as prima facie evidence that Congressman Murtha made the alleged statements within the scope of his employment. See Melo v. Hafer, 13 F.3d 736, 742 (3d Cir.

---

[1] The FTCA contains two exceptions under which a plaintiff can bring a claim directly against the individual federal employee. See 28 U.S.C. § 2679(b)(2). The first exception is for claims brought for violations of the U.S. Constitution, i.e., Bivens claims, and the second exception is for claims brought for violation of a federal statute where the statute allows a claim against the individual employee. Neither of these two exceptions applies to Sharratt's state law causes of action here.

1994) (quoting Schrob v. Catterson, 967 F.2d 929, 936 (3d Cir. 1992)). Sharratt has the burden to come forward with rebutting facts. Id. However, Sharratt cannot satisfy that burden in this case because the facts alleged in the complaint show as a matter of law that Congressman Murtha acted within the scope of his employment when he made his alleged statements.

As the D.C. Circuit recently held in a parallel case, Congressman Murtha made his comments—which form the basis of Sharratt's complaint here—within the scope of employment. In Wuterich v. Murtha, No. 07-5379 (D.C. Cir. April 14, 2009), the staff sergeant who led Sharratt's squad in Haditha, Iraq, sued Congressman Murtha for "libel, invasion of privacy/false light, and republication of defamatory statements by third parties" based on his comments that on November 19, 2005, Marines in Haditha killed Iraqi civilians in cold blood and carried out acts akin to the My Lai massacre of the Vietnam War. Id., slip op. at 3-4 (attached as Ex. 2). Wuterich alleged that Congressman Murtha made his comments outside the scope of his employment and "intended to serve his own private purposes and interests." Id., slip op. at 4 (quoting Wuterich Compl. ¶ 23). The Attorney General's designee certified that Congressman Murtha made his comments within the scope of employment, and Wuterich challenged the certification. Id., slip op. at 4-5.

The D.C. Circuit held that Congressman Murtha clearly made his statements within the scope of his employment: "[I]nterviews with the media about the pressures on American troops in the ongoing Iraq war . . . [are] unquestionably of the kind that Congressman Murtha was employed to perform as a Member of Congress." Id., slip op. at 15 (emphasis added). The court supported this holding by noting that Congressman Murtha was, at the time of his comments, the Ranking Member of the Appropriations Committee's Subcommittee on Defense and had

introduced legislation to withdraw United States troops from Iraq. Id. The court added that "it is hard to fathom how Congressman Murtha's discussion of grave public policy concerns relating to the war in Iraq could ever fall outside the scope of his employment." Id. (citing Williams v. United States, 71 F.3d 502, 507 (5th Cir. 1995)).

Although the D.C. Circuit in its decision applied District of Columbia respondeat superior law for the Westfall Act scope-of-employment inquiry, it is noteworthy that the court of appeals said that this inquiry is "substantially the same in Pennsylvania and the District of Columbia" because both jurisdictions apply the Restatement (Second) of Agency (1958) ("Restatement") standard for respondeat superior liability. Id., slip op. at 13. See also Ballenger v. Council on Am. Islamic Relations, 444 F.3d 659, 663 (D.C. Cir. 2006) (stating that D.C. law follows Restatement § 228 for scope of employment inquiry) (citation omitted); Aliota v. Graham, 984 F.2d 1350, 1358 (3d Cir. 1993) (stating that Pennsylvania law follows Restatement § 228 for scope of employment inquiry) (citation omitted).

Sharratt's complaint is nearly identical to the complaint in Wuterich. Sharratt was a Marine in the squad involved in the Haditha incident, Am. Compl. ¶ 6—which was Wuterich's squad. See Wuterich, No. 07-5379, slip op. at 3. Sharratt bases his state-law claims on alleged statements Congressman Murtha made in May 2006 about the Haditha incident to CNN and other media networks, Am. Compl. ¶ 10, just as Wuterich did in his complaint. See Wuterich, No. 07-5379, slip op. at 4. And Sharratt, like Wuterich, alleges in a wholly conclusory fashion that Congressman Murtha acted outside the scope of his employment. Am. Compl. ¶¶ 8, 54, 63.

While Sharratt claims to offer "facts" that "evidence" Congressman Murtha acted outside the scope of employment, id. ¶ 46, Sharratt's allegations boil down to just two factual

allegations: (1) that no other federal legislators commented on the "Haditha criminal investigation," id. ¶ 46.b.-c.; and (2) that Congressman Murtha made his statements to "curry favor with [then-House Minority Leader Nancy] Pelosi" in order to become "House Majority Leader" and "further his political career."[2] Id. ¶ 46.m. Neither of these allegations affect the scope-of-employment analysis here. The first allegation is legally meaningless: the alleged fact that Congressman Murtha was the only legislator to comment on an issue does not mean he acted outside the scope of his employment. As for the second allegation, even assuming arguendo that it is true, Congressman Murtha still acted within the scope of his employment because "[i]t is natural for public officials to believe that their own success, and that of their political parties, is inextricably linked with the public interest." Operation Rescue Nat'l v. United States, 975 F. Supp. 92, 108 (D. Mass. 1997), aff'd, 147 F.3d 68 (1st Cir. 1998). Indeed, the D.C. Circuit found that Wuterich's allegations failed to "even remotely suggest" Congressman Murtha acted outside the scope of employment, Wuterich, No. 07-5379, slip op. at 15, even though Wuterich alleged that Congressman Murtha made his statements "to serve his own private purposes and interests," id., slip op. at 4 (quoting Wuterich Compl. ¶ 23), much like Sharratt has alleged here. Similarly, here, there is no basis to conclude that Congressman Murtha acted outside the scope of his employment.

Accordingly, the United States respectfully submits that the Court must substitute the United States of America as the named party in place of Congressman Murtha for Counts IV-VI,

---

[2]Incidentally, when Congressman Murtha made his alleged comments in May 2006, no "House Majority Leader Position" existed for any Democratic representatives because the Democratic Party did not win control of the House of Representatives until November 2006, six months later. See Adam Nagourney, Democrats Take House, N.Y. Times, Nov. 8, 2006, at A1.

inclusive. By operation of law, these claims are converted to claims against the United States under the FTCA. The resulting claims proceed in the same manner as any action against the United States filed under the FTCA and are subject to the same limitations and exceptions included in the FTCA, 28 U.S.C. § 2679(d)(4), even if a limitation or exception under the FTCA would bar a plaintiff from recovery against the United States. See United States v. Smith, 499 U.S. 160, 165 (1991).[3]

## **CONCLUSION**

For the above reasons, the Court should grant the United States' Motion for Substitution and should dismiss with prejudice Congressman Murtha as defendant with respect to Counts IV-VI, inclusive.

---

[3]The United States has filed a concurrent motion to dismiss the resulting FTCA claims.

Dated: April 21, 2009                                  Respectfully submitted,


MARY BETH BUCHANAN                                     MICHAEL F. HERTZ
United States Attorney                                 Acting Assistant Attorney General
                                                       Civil Division
JESSICA LIEBER SMOLAR
Assistant United States Attorney                       TIMOTHY P. GARREN
Western District of Pennsylvania                       Director, Torts Branch
700 Grant Street, Suite 4000
Pittsburgh, PA 15219                                   C. SALVATORE D'ALESSIO
(412) 894-7419 (phone)                                 Senior Trial Counsel, Torts Branch
PA I.D. No. 65406



                                                              s/ Paul E. Werner
                                                       PAUL E. WERNER (MD Bar)
                                                       Trial Attorney, Torts Branch
                                                       UNITED STATES DEPARTMENT OF JUSTICE
                                                       Torts Branch, Civil Division
                                                       P.O. Box 7146
                                                       Ben Franklin Station
                                                       Washington, D.C. 20044
                                                       (202) 616-4152 (phone)
                                                       (202) 616-4314 (fax)
                                                       Paul.Werner@usdoj.gov


                                                       Attorneys for Defendant Congressman John
                                                       Murtha and the United States

# CERTIFICATE OF SERVICE

        I hereby certify that on April 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Noah Geary**
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
noahgeary@ngearylawoffices.net

|  |  |
|---|---|
| Dated: April 21, 2009 |       s/ Paul E. Werner |
|  | PAUL E. WERNER (MD Bar) |
|  | Trial Attorney, Torts Branch |
|  | UNITED STATES DEPARTMENT OF JUSTICE |
|  | Torts Branch, Civil Division |
|  | P.O. Box 7146 |
|  | Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | (202) 616-4152 (phone) |
|  | (202) 616-4314 (fax) |
|  | Paul.Werner@usdoj.gov |