**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Justin SHARRATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:08-229 |
| | ) | |
| v. | ) | |
| | ) | JUDGE GIBSON |
| John MURTHA, | ) | |
| | ) | Electronically Filed |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S AND UNITED STATES' MOTION TO DISMISS</u>**

<div style="display:flex">

MARY BETH BUCHANAN
United States Attorney

JESSICA LIEBER SMOLAR
Assistant United States Attorney
Western District of Pennsylvania

</div>

MICHAEL F. HERTZ
Acting Assistant Attorney General
Civil Division

TIMOTHY P. GARREN
Director, Torts Branch

C. SALVATORE D'ALESSIO
Senior Trial Counsel, Torts Branch

PAUL E. WERNER
Trial Attorney, Torts Branch

UNITED STATES DEPARTMENT OF JUSTICE
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C.  20044

Attorneys for Defendant Congressman John
Murtha and the United States

Dockets.Justia.com

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      SHARRATT'S CONSTITUTIONAL CLAIMS FAIL AND SHOULD BE DISMISSED. 4

      A.  QUALIFIED IMMUNITY BARS SHARRATT'S CONSTITUTIONAL CLAIMS. . 4

              i.  Sharratt Has Failed To Allege a Constitutional Violation. . . . . . . . . . . . . . . . . 6

                   a.  Sharratt Has Failed To Allege a Violation of the Due Process Clause. . 6

                   b.  Sharratt Has Failed to Allege a Violation of the Sixth Amendment. . . 8

                   c.  Sharratt Has Failed to Allege an Equal Protection Claim. . . . . . . . . . . 9

              ii.  Sharratt Has Failed To Allege Congressman Murtha Violated Any Clearly
                  Established Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      B.  SPECIAL FACTORS BAR THE COURT FROM IMPLYING A BIVENS REMEDY
         FOR SHARRATT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      C.  THE STATUTE OF LIMITATIONS BARS SHARRATT'S CONSTITUTIONAL
         CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

II.     THE COURT LACKS JURISDICTION TO CONSIDER SHARRATT'S STATE LAW
      CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

      A.  The Court Lacks Jurisdiction Because Sharratt Has Not Exhausted His Administrative
         Remedies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

      B.  The Court Lacks Jurisdiction Because the United States Has Not Waived Sovereign
         Immunity for Sharratt's State Law Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Cases:**

Anderson v. Creighton, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Behrens v. Pelletier, 516 U.S. 299 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) . . . . 11

Bolden v. Se. Pa. Transp. Auth., 21 F.3d 29 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 8

Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396 (3d Cir. 2000) . . . . . . . . . . . . . . 8

Brumfeld v. Sanders, 232 F.3d 376 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Carlson v. Green, 446 U.S. 14 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Chapman v. Rahall, 399 F. Supp. 2d 711 (W.D. Va. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Chappell v. Wallace, 462 U.S. 296 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

City of Los Angeles v. Lyons, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Clark v. Township of Falls, 890 F.2d 611 (3d Cir. 1989)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CNA v. United States, 535 F.3d 132 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Corr. Servs. Corp. v. Malesko, 534 U.S. 61 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659 (D.C. Cir. 2006) . . . . . . . . . . . . 11

Curley v. Klem, 499 F.3d 199 (3d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Davis v. Passman, 442 U.S. 228 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Del. State College v. Ricks, 449 U.S. 250 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Edmonds v. United States, 436 F. Supp. 2d 28 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 20

Edwards v. Cal. Univ. of Pa., 156 F.3d 488 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Estate of Smith v. Marasco, 430 F.3d 140 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Feres v. United States, 340 U.S. 135 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Harlow v. Fitzgerald, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 16

Henderson v. United States, 785 F.2d 121 (4th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Hope v. Pelzer, 536 U.S. 730 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Hunter v. Bryant, 502 U.S. 224 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re City of Phila. Litig., 49 F.3d 945 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

In re Iraq & Afg. Detainees Litig., 479 F. Supp. 2d 85 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . 14

Jaffee v. United States, 663 F.2d 1226 (3d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Johnson v. Eisentrager, 339 U.S. 763 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Kelly v. Borough of Sayerville, N.J., 107 F.3d 1073 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 7

Malley v. Briggs, 475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McKee v. Hart, 436 F.3d 165 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

McLaughlin v. Watson, 271 F.3d 566 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Merando v. United States, 517 F.3d 160 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Mitchell v. Forsyth, 472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Montgomery v. De Simone, 159 F.3d 120 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Morgan v. Perry, 142 F.3d 670 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Neb. Beef, Ltd. v. Greening, 398 F.3d 1080 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Operation Rescue Nat'l v. United States, 975 F. Supp. 92 (D. Mass. 1997),
    aff'd, 147 F.3d 68 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Paul v. Davis, 424 U.S. 693 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Pearson v. Callahan, 129 S. Ct. 808 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Robb v. City of Phila., 733 F.2d 286 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Sameric Corp. of Del. v. City of Phila., 142 F.3d 582 (3d Cir. 1998) . . . . . . . . . . . . . . . . 17

Saucier v. Katz, 533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

Siegert v. Gilley, 500 U.S. 336 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Strickland v. Univ. of Scranton, 700 A.2d 979 (Pa. Super. Ct. 1997) . . . . . . . . . . . . . . . . 20

Tucker v. Fischbein, 237 F.3d 275 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United Klans of Am. v. McGovern, 621 F.2d 152 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . 17

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. Stanley, 483 U.S. 669 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Village of Willowbrook v. Olech, 528 U.S. 562 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Wallace v. Kato, 549 U.S. 384 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Wilkie v. Robbins, 127 S. Ct. 2588 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Williams v. United States, 71 F.3d 502 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Wright v. City of Phila., 409 F.3d 595 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Wuterich v. Murtha, No. 07-5379 (D.C. Cir. April 14, 2009). . . . . . . . . . . . . . . . . . . . . . . 17

**U.S. Constitution:**

Amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes:**

Federal Employees Liability Reform and Tort Compensation Act of 1988,
     28 U.S.C. § 2679 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

Federal Tort Claims Act,
     28 U.S.C. § 2675(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19
     28 U.S.C. § 2680(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 20, 21

10 U.S.C. § 832(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 Pa. Cons. Stat. Ann. § 5523(1) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

42 Pa. Cons. Stat. Ann. § 5524(2), (7) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

42 Pa. Cons. Stat. Ann. § 8343(b)(1) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Other Authorities:**

H.R.J. Res. 73, 109th Cong. (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION

Plaintiff Justin Sharratt brings constitutional and state tort claims against Congressman John Murtha for statements he made to the media about a military incident in Haditha, Iraq. In accordance with 28 U.S.C. § 2679, the United States joined the action because Sharratt's state law claims were for actions Congressman Murtha took within the scope of his employment. Congressman Murtha and the United States now move this Court to dismiss all claims because Sharratt has failed to allege any viable constitutional claims and because subject matter jurisdiction over the state law claims is lacking.

Sharratt files his constitutional claims in the face of long-established Supreme Court precedent. All of his constitutional claims sound in defamation, but for over thirty years the Court has repeatedly stressed that defamation is not, in and of itself, a constitutional violation, regardless of which clause or amendment a plaintiff invokes. As for Sharratt's state law counts against the United States, those claims—like Sharratt's constitutional causes of action—all sound in defamation. But the United States has never waived its sovereign immunity for defamation claims. Therefore, such claims are barred. Moreover, Sharratt has failed to exhaust his administrative remedies, as required under the Federal Tort Claims Act. As such, his claims against the United States must be dismissed. In short, Sharratt brings a suit for defamation under various constitutional and state-law guises. His effort to re-frame his basic defamation claim, however, fails to avoid the inescapable conclusion that Sharratt has no cognizable cause of action here.

**BACKGROUND**

On November 17, 2005, Congressman John Murtha introduced a congressional resolution to redeploy United States forces from Iraq. See H.R.J. Res. 73, 109th Cong. (2005);[1] see also Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) (permitting judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" (quoting Fed. R. Evid. 201(b)(2))). Six months after introducing this resolution and establishing himself as a firm critic of the war in Iraq, Congressman Murtha held a press conference in Washington where he again questioned the United States military effort in Iraq. Am. Compl. ¶ 10(d). During this press conference, which focused on the numerous strains on military forces in Iraq, Congressman Murtha remarked on an incident in Haditha on November 19, 2005, in which United States Marines killed a number of Iraqis. Id. ¶¶ 6, 10(d). Congressman Murtha commented that the Marines "overreacted because of the pressure on them"—in line with his criticism of United States policy in Iraq—and added that the Marines in Haditha had "killed innocent civilians in cold blood." Id. ¶ 10(d).[2]

Following this press conference, Congressman Murtha appeared on national news programs to discuss his comments on the incident in Haditha. Id. ¶ 10(a)-(c). During one such interview, Congressman Murtha opined that the Haditha incident could be compared to the My Lai massacre in Vietnam, except that many more civilians died in My Lai. Id. ¶ 10(c).

---

[1]Available at http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=109_cong_bills&docid=f:hj73ih.txt.pdf.

[2]Although Sharratt alleges he was publicly identified as one of the Marines involved in the Haditha incident, Am. Compl. ¶ 9, Sharratt does not allege he was publicly identified by Congressman Murtha.

These comments by Congressman Murtha form the basis of Sharratt's complaint. Sharratt was a Marine whose squad was involved in the Haditha incident, and Sharratt himself faced three counts of unpremeditated murder for killing Iraqis in Haditha. Id. ¶¶ 6, 14. However, the counts were dropped after an Article 32 hearing.[3] Id. ¶ 15. In his complaint, Sharratt brings both constitutional and state tort claims. Specifically, Sharratt alleges that Congressman Murtha's comments violated Sharratt's Fifth Amendment due process rights (Count I), his Sixth Amendment right to a fair trial and the presumption of innocence (Count II), and his Fifth Amendment right to equal protection of the law (Count III). He also avers that Congressman Murtha's comments constituted the state law torts of slander per se (Count IV), false light invasion of privacy (Count V), and intentional infliction of emotional distress (Count VI).

## ARGUMENT

Sharratt's constitutional claims fail for three reasons. First, Sharratt has failed to allege any constitutional violations and therefore qualified immunity bars Sharratt's claims. Second, special factors preclude the Court from implying a damages remedy in this context. And third, the statute of limitations bars Sharratt's claims as untimely. Sharratt's state law claims are similarly barred, but here because the Court lacks the jurisdiction to adjudicate these claims.

---

[3]An Article 32 hearing is the military counterpart of a civilian grand jury proceeding. See Morgan v. Perry, 142 F.3d 670, 678 n.13 (3d Cir. 1998). Such a hearing fulfills the directive of 10 U.S.C. § 832(a), which states that "[n]o charge or specification may be referred to a general court-martial for trial until a thorough and impartial investigation of all the matters set forth therein has been made." See Morgan, 142 F.3d at 678 n.13.

## I.   SHARRATT'S CONSTITUTIONAL CLAIMS FAIL AND SHOULD BE DISMISSED.

### A.   QUALIFIED IMMUNITY BARS SHARRATT'S CONSTITUTIONAL CLAIMS.

In his constitutional claims, Sharratt seeks to recover damages from Congressman Murtha's personal resources for actions Congressman Murtha took as a federal official.  The courts have long recognized that such individual-capacity claims "entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties."  Anderson v. Creighton, 483 U.S. 635, 638 (1987) (citation omitted).  Recognizing these costs, courts have devised the defense of qualified immunity.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  See also In re City of Phila. Litig., 49 F.3d 945, 961 (3d Cir. 1995). Fundamentally, qualified immunity is a "fair notice" requirement, Hope v. Pelzer, 536 U.S. 730, 739 (2002), which is intended to protect government officials from suit unless they are "plainly incompetent or . . . knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).  See also McLaughlin v. Watson, 271 F.3d 566, 570 (3d Cir. 2001) (quoting Malley, 475 U.S. at 341).

The Supreme Court has emphasized that in order to ensure that qualified immunity shields officials from the fear of civil damages as well as the harassment of litigation, Anderson, 438 U.S. at 638, qualified immunity contains an "entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Qualified immunity is "an immunity

-4-

from suit rather than a mere defense to liability." Id. (emphasis in original).  See also
McLaughlin, 271 F.3d at 570 (quoting Mitchell, 472 U.S. at 526).  Accordingly, the Court has
"repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible
stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).  See also Behrens v.
Pelletier, 516 U.S. 299, 308 (1996); Harlow, 457 U.S. at 817; Wright v. City of Phila., 409 F.3d
595, 599 (3d Cir. 2005).

Until recently, the Court mandated that lower courts follow a two-step process in
analyzing a qualified immunity defense.  See Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled
by Pearson v. Callahan, 129 S. Ct. 808 (2009); Curley v. Klem, 499 F.3d 199, 206-08 (3d Cir.
2007).  Courts were required initially to determine whether, taken in the light most favorable to
plaintiff, the facts alleged showed the official's conduct violated a constitutional right.  Saucier,
533 U.S. at 201; Wright, 409 F.3d at 600.  If the court determined the factual allegations failed to
state that a constitutional violation occurred, the inquiry ended and the court granted qualified
immunity.  Saucier, 533 U.S. at 201; Wright, 409 F.3d at 600.  If instead the court found the
allegations stated a violation of a constitutional right, the court next asked whether the right
violated was "clearly established" under the circumstances at the time of the alleged violation.
Saucier, 533 U.S. at 201; Wright, 409 F.3d at 600.

In Pearson v. Callahan, however, the Court overturned Saucier to the extent it mandated a
sequential two-step analysis by lower courts, and instead held that courts may "exercise their
sound discretion in deciding which of the two prongs of the qualified immunity analysis should be
addressed first in light of the circumstances in the particular case at hand."  129 S. Ct. at  818.
Although the Court overturned Saucier's mandate, it recognized that in some cases the "Saucier

protocol" would be "beneficial." Id.  Here, the "Saucier protocol" indeed is beneficial because it is clear that when the first prong of the qualified immunity test is applied to Sharratt's due process, Sixth Amendment, and equal protection claims, these claims must be dismissed.  In other words, Sharratt has failed to allege the violation of a constitutional right, let alone the violation of a clearly established one.

### i.    Sharratt Has Failed To Allege a Constitutional Violation.

Sharratt fails to allege facts sufficient to show Congressman Murtha's conduct violated any constitutional rights.  Accordingly, Sharratt's due process, Sixth Amendment, and equal protection claims should be dismissed in their entirety.

### a.    Sharratt Has Failed To Allege a Violation of the Due Process Clause.

This Court should dismiss Sharratt's due process claim for failure to state a claim. Sharratt alleges that Congressman Murtha maliciously defamed him, thereby causing Sharratt to lose unspecified economic and associational opportunities, which itself allegedly constitutes a loss of Sharratt's liberty without notice and an opportunity to respond.  Am. Compl. ¶¶ 16, 23-26.

Harm to reputation alone does not implicate the Due Process Clause.  See Siegert v. Gilley, 500 U.S. 226, 233 (1991) (rejecting a due process claim for defamation); see also Edwards v. Cal. Univ. of Pa., 156 F.3d 488, 492 (3d Cir. 1998) ("[S]tigma to reputation alone, absent some accompanying deprivation of present or future employment, is not a liberty interest protected by the fourteenth amendment." (quoting Robb v. City of Phila., 733 F.2d 286, 294 (3d Cir. 1984))). As the Siegert Court stated: "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."  500 U.S. at 233.  The Court has recognized a due process claim for defamation only in limited circumstances where a plaintiff alleges both harm to

reputation and the loss of an additional tangible interest, such as an interest in the state-protected ability to purchase alcohol or the interest in retaining government employment.  See Paul v. Davis, 424 U.S. 693, 708, 710-11 & n.5 (1976); Kelly v. Borough of Sayreville, N.J., 107 F.3d 1073, 1078 (3d Cir. 1997).

Under this standard, this Court should dismiss Sharratt's due process claim because he has not alleged the loss of any additional tangible interest.  Although Sharratt suggests—without any factual support—that he may have lost future employment opportunities, mere allegations of the possible loss of future employment opportunities do not fulfill the additional tangible interest requirement and are "patently insufficient" to state a due process claim.  See Kelly, 107 F.3d at 1078 (quoting Clark v. Township of Falls, 890 F.2d 611, 620 (3d Cir. 1989)) (dismissing due process claim because plaintiff failed to allege loss of an additional tangible interest).

Sharratt alleges that Congressman Murtha maliciously defamed him and thereby caused a loss of Sharratt's liberty through a "significant" loss of Sharratt's "employment opportunities" and "associational opportunities."  Am. Compl. ¶¶ 23, 25-26.  Sharratt also avers that he has "suffered permanent, irreversible damage to his reputation."  Id. ¶ 27.  Courts, including this Circuit and the United States Supreme Court, have made clear that such vague allegations of harm to reputation and loss of future economic opportunities do not state a due process claim.  See Paul v. Davis, 424 U.S. at 712; Kelly, 107 F.3d at 1078.  For example, in Paul v. Davis, police mistakenly included the plaintiff's name and mug shot in a flyer entitled "Active Shoplifters," which police distributed to 800 merchants.  424 U.S. at 695.  The plaintiff alleged the flyer had impermissibly deprived him of "liberty" protected by the Fourteenth Amendment because the flyer "would inhibit him from entering business establishments . . . and would seriously impair his future employment

opportunities." Id. at 697. The Court nonetheless rejected the plaintiff's due process claim

because he had not alleged the loss of an additional tangible interest. Id. at 712. Similarly,

Sharratt's allegations that he has lost "employment opportunities" and "associational

opportunities" lack allegations of the loss of an additional tangible interest and therefore are

insufficient to state a due process claim against Congressman Murtha.[4]  See Clark, 890 F.2d at

620.

    In essence, Sharratt attempts to clothe his state law defamation claim in constitutional

garb. Courts have consistently rejected such transparent attempts. See, e.g., Siegert, 500 U.S. at

234 (dismissing due process claim for defamation); Edwards, 156 F.3d at 493 (same). As the

Third Circuit succinctly remarked, state tort defamation claims brought under Bivens "find no

basis in our jurisprudence." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 398

(3d Cir. 2000). Therefore, Sharratt's due process claim must fail.

###     b.    Sharratt Has Failed To Allege a Violation of the Sixth Amendment.

    The Court should dismiss Sharratt's Sixth Amendment claim because Sharratt has failed to

allege any cognizable injury. "It is basic to tort law that an injury is an element to be proven."

Bolden v. Se. Pa. Transp. Auth., 21 F.3d 29, 35 (3d Cir. 1994). Sharratt alleges that Congressman

Murtha's statements "stripped Sharratt of the presumption of innocence, poisoned the entire

prospective jury pool, and created a presumption of guilt." Am. Compl. ¶ 31. According to

Sharratt, these alleged actions violated his right to the presumption of innocence under the Sixth

Amendment. Id. ¶ 32.

---

    [4]Sharratt's allegations of malice have no bearing on his due process claim. See Siegert,
500 U.S. at 234 (rejecting due process claim for defamation despite allegations of malice because
"[the Supreme Court's] decision in Paul v. Davis did not turn . . . on the state of mind of the
defendant, but on the lack of any constitutional protection for the interest in reputation").

By its own terms, the Sixth Amendment applies only to "criminal prosecutions." U.S. Const. amend. VI. See also United States v. Balsys, 524 U.S. 666, 672 (1998). Sharratt faces no such prosecution. Sharratt himself asserts he was "exonerated" after an Article 32 hearing, Am. Compl. ¶ 15, and makes no assertions that he faces any present or future criminal proceedings.[5] Because Sharratt has not alleged any cognizable injury to his Sixth Amendment rights, his claim should be dismissed.

### c.     Sharratt Has Failed To Allege an Equal Protection Claim.

Sharratt's equal protection claim should be dismissed because Sharratt has not stated a claim. A plaintiff states an equal protection claim when he "alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Under this standard, a plaintiff must, at a minimum, "allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

Sharratt's claim fails from the start because Sharratt makes no allegations that Congressman Murtha treated him "differently from others similarly situated." Id. Instead, Sharratt simply repeats his due process and Sixth Amendment claims and alleges they constitute a

---

[5]Even if Sharratt were to suggest some future criminal proceedings were inevitable—which he cannot—he would lack standing to bring a Sixth Amendment claim for those proceedings. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (holding that in the context of claims for prospective relief, a plaintiff must show the threat of injury is "'real and immediate,' not 'conjectural' or 'hypothetical'").

violation of his equal protection rights. Am. Compl. ¶¶ 34-35.[6]  In fact, Sharratt could not

reasonably allege Congressman Murtha treated him "differently from others similarly situated"

because Congressman Murtha never spoke specifically about Sharratt. The complaint makes no

mention of any statements by Congressman Murtha directed only to Sharratt because there are no

such statements. Rather, Sharratt refers only to Congressman Murtha's "defamatory statements

about the Marines involved in the Haditha incident." Am. Compl. ¶ 7. This is insufficient to

support an equal protection claim. See Hill, 455 F.3d at 239 (rejecting borough manager's equal

protection claim against town mayor for threats and harassment because "the only other Borough

employees . . . mention[ed] in his complaint were also harassed and threatened" by the mayor).

Therefore, Sharratt's equal protection claim should be dismissed.

### ii.    Sharratt Has Failed To Allege Congressman Murtha Violated Any Clearly Established Rights.

Even were Sharratt to have alleged a violation of a constitutional right—which he has

not—he has nevertheless failed to show that Congressman Murtha violated any clearly established

rights of which he should have been aware, and Sharratt therefore fails to satisfy the second step

of Saucier. 533 U.S. at 201; see also Estate of Smith v. Marasco, 430 F.3d 140, 148 n.3 (3d Cir.

2005) (discussing the two-step Saucier analysis). For a right to be clearly established, "there must

be sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to

put [the] defendant on notice that his or her conduct is constitutionally prohibited." McKee v.

Hart, 436 F.3d 165, 171 (3d Cir. 2006) (quoting McLaughlin, 271 F.3d at 571). See also Saucier,

533 U.S. at 201 (noting that the inquiry into whether a right was clearly established must be

---

[6]Sharratt's equal protection claim is premised on the claimed violation of his due process and Sixth Amendment rights. Compl. ¶¶ 34-35. Because those claims fail, see supra Part I.A.i.a-b, his equal protection claim should fail as well.

"undertaken in light of the specific context of the case, not as a broad general proposition").

Congressman Murtha could not have been on notice that his conduct was constitutionally prohibited because courts have routinely rejected state-law defamation claims brought under the Constitution. <u>See</u> <u>supra</u> Part I.A.i.a. Furthermore, no other case involving a defamation claim against a United States congressman even involved a constitutional claim by a plaintiff, let alone a finding of a constitutional violation, and for good reason—such a claim has no merit. <u>See</u> <u>Council on Am. Islamic Relations v. Ballenger</u>, 444 F.3d 659 (D.C. Cir. 2006) (alleging state-law defamation claim only and no constitutional claim against United States congressman); <u>see also</u> <u>Williams v. United States</u>, 71 F.3d 502 (5th Cir. 1995) (same); <u>Chapman v. Rahall</u>, 399 F. Supp. 2d 711 (W.D. Va. 2005) (same); <u>Operation Rescue Nat'l v. United States</u>, 975 F. Supp. 92 (D. Mass. 1997), <u>aff'd</u>, 147 F.3d 68 (1st Cir. 1998) (same).

Similarly, no court has found a violation of a Sixth Amendment right to the presumption of innocence under facts even remotely close to those here. Therefore, no factually similar precedent exists that would clearly establish a constitutional right of which Congressman Murtha should have been aware. Accordingly, the Court should dismiss Sharratt's constitutional claims on qualified immunity grounds.

**B.      SPECIAL FACTORS BAR THE COURT FROM IMPLYING A BIVENS REMEDY FOR SHARRATT.**

Aside from Congressman Murtha's entitlement to qualified immunity, Sharratt's claims should also be dismissed because he asks this Court to take the extraordinary step of implying a new right of action under the Constitution where none presently exists. In <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court implied a right of action under the Fourth Amendment only after determining there were no

"special factors counseling hesitation" in implying such a remedy.  Id. at 396.

Since Bivens, the Court has recognized a constitutional tort in a new context on just two occassions, and in both instances, the Court recognized the remedy only after determining there were no "special factors counseling hesitation."  See Carlson v. Green, 446 U.S. 14, 19 (1980); Davis v. Passman, 442 U.S. 228, 246 (1979).  As the Court recently stated, a damages remedy for an alleged constitutional violation is "not an automatic entitlement."  Wilkie v. Robbins, 127 S. Ct. 2588, 2597 (2007).  Indeed, in the twenty-nine years since deciding Carlson, the Court has "consistently refused to extend Bivens liability to any new context or new category of defendants," Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001), and has effectively established a "presumption against judicial recognition of direct actions for violations of the Constitution by federal officials or employees."  Neb. Beef, Ltd. v. Greening, 398 F.3d 1080, 1084 (8th Cir. 2005) (quoting McIntosh v. Turner, 861 F.2d 524, 526 (8th Cir. 1988)).

In considering whether to imply a new damages remedy, a federal court acts akin to a "common-law tribunal," and must "weigh[] reasons for and against the creation of a new cause of action," paying particular attention to "special factors counselling hesitation."  Wilkie, 127 S. Ct. at 2598, 2600.  Such a consideration should cover a "broad" range of concerns.  See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 280 (1997) (Kennedy, J., joined by Rehnquist, C.J.).  Thus, the special factors analysis can include myriad and distinct policy considerations that in the aggregate militate against a court implying such a remedy, even though each consideration alone would not necessarily preclude a Bivens remedy.  See Chappell v. Wallace, 462 U.S. 296, 304 (1983) ("Taken together, the unique disciplinary structure of the Military Establishment and Congress' activity in the field constitute 'special factors' . . . .").

-12-

Three such policy considerations exist in this action that strongly counsel against a court implying a non-statutory cause of action here. <u>First</u>, Sharratt attempts to lure the Court into investigating the events in Haditha, Iraq—in the middle of an ongoing war. Accepting such an invitation would needlessly entangle this Court in United States military policy and ultimately could hinder the ongoing United States war effort by diverting military resources from the battlefield to defend damages actions. <u>Second</u>, Sharratt's claims potentially disrupt military discipline and structure. Sharratt is a former Marine and is suing not just a member of Congress but the Chairman of the House Appropriations Subcommittee on Defense—a committee which oversees the military's finances and its continued operations in Iraq. Permitting suit by a former enlistee against the civilian—albeit congressional—command runs counter to the operational command and control followed by the military and threatens to deteriorate the long-held position of civil control of the military. And <u>third</u>, Sharratt aims to assert personal liability against a congressman for speaking publicly about a national issue of enormous import—the war in Iraq. Inferring such a cause of action risks discouraging elected officials from frank and vigorous public debate. Taken together, these considerations are "special factors counseling hesitation" against implying a judicial remedy here.

**1.** Sharratt tempts the Court to revisit the battlefield in Haditha. Because truth is an affirmative defense to defamation, Sharratt's constitutional claims against Congressman Murtha for making defamatory remarks, if allowed by the Court, can most effectively be countered by demonstrating the truth of those remarks. <u>See</u> 42 Pa. Cons. Stat. Ann. § 8343(b)(1) (West 2004) (truth is an affirmative defense to defamation); <u>Tucker v. Fischbein</u>, 237 F.3d 275, 287 (3d Cir. 2001) (same). The truth defense would force the Court to determine whether Sharratt in fact

murdered innocent Iraqis.  An Article III court presiding over a civil suit for damages against a government official is not the appropriate venue to litigate the events of three years ago on a battlefield over six-thousand miles away in a country that remains a war zone.

Such litigation would inevitably involve deposing and calling to the witness stand military officers still serving in Iraq, which would divert those officers' efforts and attention from the ongoing struggle in Iraq.  Cf. Johnson v. Eisentrager, 339 U.S. 763, 779 (1950) (denying habeas corpus proceedings to enemy aliens in part because civil litigation could distract military officers from war effort).  Additionally, the discovery process could reveal sensitive military information regarding Marine counter-insurgency tactics.  Cf. In re Iraq & Afg. Detainees Litig., 479 F. Supp. 2d 85, 105 (D.D.C. 2007) ("The discovery process alone risks aiding our enemies by affording them a mechanism to obtain what information they could about military affairs and disrupt command missions by wresting officials from the battlefield to answer compelled deposition and other discovery inquiries . . . .").  Thus, the Court should refrain from implying a new remedy here.

**2.**  Sharratt's constitutional claims also threaten to disrupt military discipline and structure.  The Supreme Court has long barred claims by military personnel against other military and civilian personnel where those claims "arise out of or are in the course of activity incident to service"—the so-called Feres doctrine.  See  Feres v. United States, 340 U.S. 135, 146 (1950) (barring claims by military personnel brought under the Federal Tort Claims Act ("FTCA") against the United States); see also United States v. Stanley, 483 U.S. 669, 684 (1987) (applying Feres to bar Bivens claims against individual military and civilian personnel as well).  Allowing such claims could disrupt the unique disciplinary structure of the military.  Chappell, 462 U.S. at

-14-

300. The Feres doctrine bars even claims against civilian personnel not in a direct command relationship to the plaintiff. See Stanley, 483 U.S. at 679-81. And the Supreme Court has suggested that the principles underlying the Feres doctrine apply more broadly in the context of a Bivens claim than in the context of an FTCA claim. See id. at 681-82 ("[W]e might have felt freer to compromise military concerns in the [FTCA] context, since we were confronted with an explicit congressional authorization for judicial involvement . . . whereas here [in a Bivens context] we . . . rely upon inference for our own authority to allow money damages.").

Although Sharratt's claims are not necessarily "incident to service" and would therefore not be directly barred under Feres, the policy concerns behind the Feres doctrine inform this Court and militate against creating a new cause of action. First, Congressman Murtha's remarks focused on actions Marines took while fighting in a war, and Sharratt's claims are directly related to his military service. Second, Congressman Murtha is Chairman of the House Appropriations Subcommittee on Defense, which controls military funding and oversees the military operations in Iraq. Allowing a former Marine to sue a government official who oversees the Iraq war effort for statements that official made about the war effort contradicts the policy behind Feres and also runs the risk of eroding military subordination to the civilian political leadership. Cf. Jaffee v. United States, 663 F.2d 1226, 1238 (3d Cir. 1981) (applying Feres to bar constitutional claims by former soldiers against civilian personnel who oversaw military operations because allowing such claims implicates the chain-of-command concerns underlying Feres). The Court should therefore stay its hand and not imply a new Bivens remedy.

**3.** Sharratt's constitutional claims could also impact on public officials' willingness to speak to the public about major national issues. Congressman Murtha made his remarks while

voicing his opinion about a matter of paramount public concern—the Iraq War—and while

criticizing the Executive Branch's handling of that war.  Allowing Sharratt to hold Congressman

Murtha personally liable for speaking out on what was the foremost issue of the time would

inevitably chill politicians from vigorously performing their duties and informing the public of

pressing national concerns.  See Harlow, 457 U.S. at 814 (explaining that fear of civil liability

would "dampen the ardor of all but the most resolute, or the most irresponsible [public officials],

in the unflinching discharge of their duties" (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d

Cir. 1949)) (alteration in original)).

"Taken together," the potential for this Court to revisit the battlefield in Haditha, the

military discipline considerations behind the Feres doctrine, and the inevitable chill of public

officials are "special factors counseling hesitation" against implying a remedy here.  Therefore,

the Court should not imply a new Bivens remedy and should instead dismiss Sharratt's

constitutional claims on "special factors" grounds.

C. THE STATUTE OF LIMITATIONS BARS SHARRATT'S CONSTITUTIONAL CLAIMS.

Finally, Sharratt's constitutional claims should also be dismissed because Sharratt filed his

claims beyond Pennsylvania's statute of limitations.[7]  In Bivens actions, federal courts borrow the

statute of limitations from state law, while federal law governs accrual.  See Wallace v. Kato, 549

U.S. 384, 387-88 (2007); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).  The

_____

[7]Under the "Third Circuit Rule," a statute of limitations defense may be raised in a motion to dismiss so long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veteran's Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).  As discussed in the following paragraphs, the most recent allegedly defamatory statement by Congressman Murtha listed in the complaint was made beyond the statute of limitations for Sharratt's constitutional claims.

statute of limitations in Pennsylvania for <u>Bivens</u> actions is two years. <u>See</u> 42 Pa. Cons. Stat. Ann. § 5524(2) (West 2004); <u>Smith v. Holtz</u>, 87 F.3d 108, 111 n.2 (3d Cir. 1996). And under federal law, a cause of action accrues when a plaintiff knew or should have known he was harmed. <u>See</u> <u>Sameric Corp. of Del. v. City of Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998).

Based on Sharratt's complaint, it is clear Sharratt filed his claims more than two years after he knew or should have known he was harmed. The complaint cites five instances in which Congressman Murtha made allegedly defamatory statements, Am. Compl. ¶ 10(a)-(e), with the earliest remarks made on May 17, 2006, and the most recent remarks made on May 30, 2006.[8] <u>Id.</u> ¶ 10(b), (c), (e). Considering that these statements were broadcast on CNN and various other national television networks, Sharratt knew or should have known he was harmed almost immediately. <u>See</u> <u>United Klans of Am. v. McGovern</u>, 621 F.2d 152, 154 (5th Cir. 1980) ("Where events receive . . . widespread publicity, plaintiffs may be charged with knowledge of their occurrence."). Indeed, the leader of the Marine squad in Haditha filed a similar suit against Congressman Murtha on August 2, 2006, less than three months after the Congressman first made his comments. <u>See</u> <u>Wuterich v. Murtha</u>, No. 07-5379, slip op. at 3 (D.C. Cir. April 14, 2009). Therefore, the two-year statute of limitations for Sharratt's <u>Bivens</u> claims accrued in May or early June 2006, giving Sharratt until May or early June 2008 to file his claims in a timely fashion. Yet Sharratt waited until September 25, 2008, a full twenty-eight months after Congressman Murtha first made his statements, to file his claims. By then, the statute of limitations had already run.

---

[8]The July 2, 2006 news article mentioned in the complaint does not refer to any new remarks made by Congressman Murtha. Am. Compl. ¶ 10(f). Rather, that article merely discusses public reaction to Congressman Murtha's earlier comments. <u>Id.</u>

Therefore, Sharratt's constitutional claims should be dismissed.[9]

## II.   THE COURT LACKS JURISDICTION TO CONSIDER SHARRATT'S STATE LAW CLAIMS.

Upon substitution of the United States as defendant for Counts IV-VI in accordance with the Westfall Act, 28 U.S.C. § 2679, the resulting FTCA claims against the United States must be dismissed.[10]  The United States, as a sovereign, is immune from suit unless the sovereign chooses to waive its sovereign immunity.  See United States v. Mitchell, 445 U.S. 535, 538 (1980).  Through the FTCA, the United States has waived its sovereign immunity for claims against the United States for "money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b); see also Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008).  This waiver, however, is not limitless.  In relevant part, the FTCA requires that plaintiffs seek administrative relief before bringing a claim against the United States.  28 U.S.C. § 2675(a).  Moreover, the FTCA excepts certain tort claims from its waiver of sovereign immunity, thereby leaving the United States' sovereign immunity intact for those tort claims.  28 U.S.C. § 2680(h).  This Court must dismiss Sharratt's FTCA claims here because Sharratt has failed to exhaust administrative remedies and because the United States has not waived sovereign immunity for his

---

[9]Although Sharratt alleges that Congressman Murtha's statements have continued to impact Sharratt, Am. Compl. ¶¶ 26, 44, 52, his allegations are conclusory and fail to state a claim. See Bell Atl. Corp.  v. Twombly, 127 S. Ct. 1955, 1966 n.5 (2007) (stating that to meet pleading requirements, a plaintiff's allegations must cross "the line between the conclusory and the factual").  Additionally, the proper focus for accrual is on the time of the act, not when the consequences become most painful.  See Del. State College v. Ricks, 449 U.S. 250, 258 (1980).

[10]Substitution of the United States as defendant for Sharratt's state law claims is discussed in the Memorandum in Support of United States' Motion for Substitution as Party, filed concurrently with this memorandum.

tort claims.[11]

**A.** **The Court Lacks Jurisdiction Because Sharratt Has Not Exhausted His Administrative Remedies.**

The FTCA requires plaintiffs to seek administrative relief from the appropriate federal agency before bringing a claim under the FTCA. See 28 U.S.C. § 2675(a); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). This prerequisite is "jurisdictional." Deutsch, 67 F.3d at 1091. It cannot be waived, and filing suit against the individual federal official does not fulfill the FTCA's requirement to submit an administrative claim. See Henderson v. United States, 785 F.2d 121, 123-25 (4th Cir. 1986). Because Sharratt makes no allegations that he has sought administrative relief, he has failed to fulfill the FTCA's administrative exhaustion prerequisite. Therefore, this Court lacks jurisdiction to hear Sharratt's FTCA claims.

**B.** **The Court Lacks Jurisdiction Because the United States Has Not Waived Sovereign Immunity for Sharratt's State Law Claims.**

Even if Sharratt had fulfilled the FTCA's administrative prerequisite, the Court would still lack jurisdiction because the United States has not waived sovereign immunity for Sharratt's state law claims. The FTCA contains exceptions to the United States' waiver of sovereign immunity. 28 U.S.C. § 2680(h). One such exception includes claims for slander. Id. Thus, Sharratt is barred by sovereign immunity from bringing a slander claim against the United States, and the Court lacks jurisdiction to adjudicate that claim. See CNA v. United States, 535 F.3d 132, 150 (3d Cir. 2008) (dismissing FTCA claim where claim was excepted under § 2680 because the court

_____

[11]In addition, Sharratt's state law claims are barred by the statute of limitations. The Pennsylvania statute of limitations for slander and invasion of privacy is one year. See 42 Pa. Cons. Stat. Ann. § 5523(1) (West 2004). The statute of limitations for intentional infliction of emotional distress is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (West 2004). Because Sharratt filed his complaint twenty-eight months after Congressman Murtha made his comments, his state law claims are time barred.

lacked jurisdiction).

Sharratt's claims for false light invasion of privacy (Count V) and intentional infliction of emotional distress (Count VI) are also barred under § 2680(h).[12]  This section precludes both a slander claim and "[a]ny claim arising out of . . . slander."  § 2680(h).  In determining whether claims titled other than "slander" or "defamation" nonetheless "aris[e] out of" slander and thereby fall within the slander exception to the FTCA, a court looks at the claim's substance, not its title.  See Brumfeld v. Sanders, 232 F.3d 376, 383 (3d Cir. 2000) (rejecting intentional tort claim under slander exception because claim was substantively a defamation claim).  The slander exception to the FTCA cannot "be avoided 'by attaching a different label to the tort.'"  Id. (quoting Hoesl v. United States, 451 F. Supp. 1170, 1174 (N.D. Cal. 1978)).

Count V of the complaint sounds in defamation and therefore is barred under the slander exception to the FTCA.  "Courts consistently have held that [FTCA] claims for 'false light' invasion of privacy are barred by the libel and slander exception."  Edmonds v. United States, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (citing the Fifth and Eleventh Circuits).  Sharratt's claim starts off referring to Congressman Murtha's "defamatory statements," and simply adds that these statements placed Sharratt "in a false light."  Am. Compl. ¶¶ 48, 49.  Count V contains no allegations of defamation independent from the allegations contained in Count IV, Sharratt's slander claim.  Rather, Count V's essence is that Congressman Murtha made false statements

_____

[12]Even if Sharratt's false light claim were not barred by § 2680(h), his claim would fail because Sharratt has alleged only one of the four requisite elements of false light invasion of privacy.  See Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997) (listing the elements to be proven for false light as revealing information (1) to the public, (2) that is given to private facts, (3) that would be highly offensive to a reasonable person, and (4) that is not of legitimate concern to the public).  Sharratt has alleged only that Congressman Murtha's statements were publicized.  Am. Compl. ¶ 55.  Because Sharratt has not pled the other elements, his false light claim cannot withstand a motion to dismiss.

about Sharratt that damaged his reputation, which is what Sharratt alleged in Count IV.  <u>Id.</u> ¶¶ 40, 45.

Similarly, Count VI is barred under the slander exception.  In this count, Sharratt again repeats his averment that Congressman Murtha made "defamatory statements" and adds only that his statements were "truly outrageous."  <u>Id.</u> ¶ 60.  As with Count V, Sharratt fails to include any allegations of defamation independent from the allegations contained in his slander claim.  Therefore, Counts V and VI  "aris[e] out of . . . slander" and are barred by § 2680(h).  <u>See</u> <u>Brumfeld</u>, 232 F.3d at 382 (barring intentional tort claim under slander exception because essence of claim was that individual defendants made false statements that caused plaintiff economic harm and damage to reputation).  Accordingly, the Court should dismiss all of Sharratt's state law claims for lack of jurisdiction.


**<u>CONCLUSION</u>**

When all is said and done, Sharratt is really just bringing a defamation claim against Congressman Murtha.  But defamation without any further harm—as is the case with Sharratt—does not violate the Constitution.  Nor does the FTCA allow state law defamation claims against the United States.  Even if the FTCA did allow such claims, Sharratt has failed to comply with the FTCA's requirement to exhaust administrative remedies.  For these reasons, undersigned counsel respectfully requests that this Court dismiss all of Sharratt's claims.

Dated: April 21, 2009                    Respectfully submitted,


MARY BETH BUCHANAN                       MICHAEL F. HERTZ
United States Attorney                   Acting Assistant Attorney General
                                         Civil Division
JESSICA LIEBER SMOLAR
Assistant United States Attorney         TIMOTHY P. GARREN
Western District of Pennsylvania         Director, Torts Branch
700 Grant Street, Suite 4000
Pittsburgh, PA 15219                     C. SALVATORE D'ALESSIO
(412) 894-7419 (phone)                   Senior Trial Counsel, Torts Branch
PA I.D. No. 65406


                                         _____ s/ Paul E. Werner _____
                                         PAUL E. WERNER (MD Bar)
                                         Trial Attorney, Torts Branch
                                         UNITED STATES DEPARTMENT OF JUSTICE
                                         Torts Branch, Civil Division
                                         P.O. Box 7146
                                         Ben Franklin Station
                                         Washington, D.C.  20044
                                         (202) 616-4152 (phone)
                                         (202) 616-4314 (fax)
                                         Paul.Werner@usdoj.gov


                                         Attorneys for Defendant Congressman John
                                         Murtha and the United States

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:


**Noah Geary**
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
noahgeary@ngearylawoffices.net




Dated: April 21, 2009                                      s/ Paul E. Werner
                                                   PAUL E. WERNER (MD Bar)
                                                   Trial Attorney, Torts Branch
                                                   UNITED STATES DEPARTMENT OF JUSTICE
                                                   Torts Branch, Civil Division
                                                   P.O. Box 7146
                                                   Ben Franklin Station
                                                   Washington, D.C. 20044
                                                   (202) 616-4152 (phone)
                                                   (202) 616-4314 (fax)
                                                   Paul.Werner@usdoj.gov