# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# PENNSYLVANIA

| | |
|---|---|
| **JUSTIN SHARRATT**<br>1348 Lucia Drive<br>Canonsburg, Pennsylvania 15317<br><br>      Plaintiff,<br><br>vs.<br><br>**JOHN MURTHA**,<br>in his individual capacity,<br>2238 Woodcrest Drive<br>Johnstown, Pennsylvania 15905<br><br>      Defendant. | **Civil Action No**. 3:08 – cv – 229 |

### PETITION FOR RECONSIDERATION OF COURT ORDER OF JUNE 3, 2009 GRANTING DEFENDANT'S MOTION FOR SUBSTITUTION OF A PARTY.

**AND NOW COMES** the Plaintiff, Justin Sharratt, by and through his attorney, Noah Geary, Esquire, and respectfully submits this Petition for Reconsideration, and in support, avers as follows:

1. The Plaintiff is represented by the undersigned, Noah Geary.

2. The undersigned has practiced in Federal Court in the Western District of Pennsylvania for 13 years.

3. The undersigned takes his responsibilities and obligations seriously.

4. Upon assignment of this case to the Honorable Kim R. Gibson, the undersigned printed from the Court's website and reviewed this Court's Practices and Procedures, including this Court's Motion's Practice.

5. The undersigned received the Government's Rule 12 Motion to Substitute the United States for the Defendant, John Murtha, via e-mail the date it was filed, April 21, 2009.

1

6. No Court Order was issued by this Court setting forth a deadline by which to respond upon the filing of the Government's Motion. Rule 12 is silent as to when a response is due.

7. Notwithstanding the language of **D. Responses To Motions - Scheduling** contained on the Court's website, the undersigned anticipated that an Order would issue setting forth a deadline by which a response would be due.

8. It has been the undersigned's experience for 13 years of practicing in the Western District that notwithstanding the content of Judge's Websites, Judges issue Court Orders upon the filing of Motions setting forth deadlines for Responses thereto, including 12(b)(6) Motions.

9. The undersigned, upon receipt of the Government's Motion, began preparing Plaintiff's response.

10. As stated in paragraph 7., above, the undersigned was expecting a Court Order to issue setting forth a deadline by which to respond.

11. On Thursday, June 4, 2009, the undersigned via e-mail learned of this Court's Order dated June 3, 2009 wherein the Court granted the Government's Motion as unopposed because no response by the Plaintiff was filed.

12. It is crucial that the Plaintiff be given the opportunity to respond to the Government's Motion. In fact, the Plaintiff has numerous meritorious responses to the Government's arguments warranting the denial of the Government's Motion.

13. The undersigned is extremely embarrassed and never intended to ignore this Court's procedure. The undersigned apologizes to the Court and opposing counsel and hereby respectfully requests this Honorable Court to reconsider its Order dated June 3, 2009 and to grant leave to the Plaintiff to file a response to the Government's Motion.

14. The undersigned has conferred with counsel for the Defendant and the Defendant **DOES NOT OBJECT** to the granting of this Petition for Reconsideration.

15. In the interests of justice and in the consideration of the very important issues in this historic case to be adjudicated on their merits, the undersigned prays this Honorable Court to reconsider its June 3, 2009 Order and to permit this Plaintiff to file a Response.

16. **Federal Rule of Civil Procedure 6., Computing and Extending Time; Time for Motion Papers (b) Extending Time** expressly permits this Court to extend the time for filing a response even after the time to do so has expired if the party failed to act due to excusable neglect:

> (1) In General. **When and act may or must be done within a specified period of time, the court may, for good cause, extend the time:** (A) with our without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) **on motion made after the time has expired if the party failed to act because of excusable neglect.** (2) Exceptions. A court must not extend time to act under Rules 50(b) and (d), 52(b), 59(b), (d) and (e), and 60(b), except as those rules show. (**Emphasis added).**

17. Although scant, case law in the 3rd Circuit also states that this Court has the authority to grant the Plaintiff's request upon a finding of "excusable neglect." Schering Corp. v. Amgen, Inc., 198 F.R.D. 422 (D. Del. 2001).

18. The excusable neglect determination is an equitable one. Coleman v. Blue Cross, 487 F. Supp. 2d 1225 (D. Kan. 2007).

19. It is respectfully submitted that equity would call for the Plaintiff be given the opportunity to file a Response to the Government's Motion and that the case rise or fall on its merits.

3

20. Per case law, the pertinent considerations in the "excusable neglect" analysis are as follows:

> " 'Excusable neglect' permitting extension of time in procedural matters is an "elastic" concept not limited strictly to omissions caused by circumstances beyond control of movant, but may encompass delays caused by inadvertence, mistake or carelessness, at least when delay was not long, there is no bad faith, there is no prejudice to opposing party, and movant's excuse has some merit."
>
> LoSacco v. City of Middletown, 71 F. 3d 88 (2nd Cir. 1995).

21. The undersigned did not neglect to review this Court's website.

22. The undersigned did neglect to contact this Court's Chambers to seek clarification as to whether an Order setting a deadline by which to respond would issue.

23. It is respectfully submitted that the undersigned's neglect, which is greatly regretted, has some merit and is excusable because the undersigned reasonably relied on 13 years of experience litigating cases in the Western District of Pennsylvania that an Order would issue.

24. The undersigned has engaged in no bad faith.

25. The undersigned has conferred with Paul Werner, Esquire, counsel for the Government before filing this Motion.

26. The Defendant takes **NO POSITION** regarding the merits of Plaintiff's Motion, but by doing so does not concede the validity of Plaintiff's arguments.

**WHEREFORE**, the undersigned respectfully prays this Honorable Court to grant this request and to permit the undersigned to file a response to the Government's Motion within a time frame suitable to the Court.

                                                Respectfully submitted,

June 5, 2009                                         /s/ Noah Geary
                                                Noah Geary, Esquire
                                                Attorney for Plaintiff
                                                225 Washington Trust Building
                                                Washington, PA 15301
                                                (724) 222-3788
                                                 PA I.D. # 78283

## VERIFICATION.

I, Noah Geary, Esquire, hereby verify that all statements made herein are true and correct to the best of my knowledge information and belief.

I make this verification subject to the penalties of 18 Pa.C.S.A. 4904, relating to unsworn verification to authorities.


June 6, 2009 /n/ Noah Geary
Date Noah Geary, Esquire

# CERTIFICATE OF SERVICE.

I, Noah Geary, hereby certify that I served the foregoing **Petition for Reconsideration** upon Defense Counsel, Paul Werner, Esquire, on this day, via email:

Paul E. Werner, Esquire
U.S. Department of Justice
1425 New York Avenue, N.W.
Washington, DC 20005
paul.werner@usdoj.gov

Date: June 5, 2009               /s/ Noah Geary
                                 Noah Geary, Esquire
                                 Attorney for Plaintiff
                                 225 Washington Trust Building
                                 Washington, PA 15301
                                 (724) 222-3788
                                  PA I.D. # 78283

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN SHARRATT** <br> 1348 Lucia Drive <br> Canonsburg, Pennsylvania 15317 <br><br> Plaintiff, <br><br> vs. <br><br> **JOHN MURTHA**, <br> in his individual capacity, <br> 2238 Woodcrest Drive <br> Johnstown, Pennsylvania 15905 <br><br> Defendant. | **Civil Action No**. 3:08 – cv – 229 |

## ORDER OF COURT.

**AND NOW**, this ____ day of June, 2009, it is hereby **ORDERED** that upon consideration of the Plaintiff's Petition for Reconsideration, the relief is **GRANTED,** and that the Plaintiff's Answer and Brief in Opposition to the Defendant's Rule 12 Motion to Substitute the United States as a Party for the Defendant John Murtha is hereby due within ten days of this date.

**BY THE COURT:**

_____ J.
Kim R. Gibson