**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA**

| | |
|---|---|
| **JUSTIN SHARRATT** )<br>1348 Lucia Drive )<br>Canonsburg, Pennsylvania 15317 )<br>              )<br>      Plaintiff, )<br>              )<br>  vs.         )<br>              )<br>**JOHN MURTHA**, )<br>in his individual capacity, )<br>2238 Woodcrest Drive )<br>Johnstown, Pennsylvania 15905 )<br>              )<br>      Defendant. ) | **Civil Action No**. 3:08 – cv – 229<br><br>**PLAINTIFF'S ANSWER TO GOVERNMENT'S MOTION TO SUBSTITUTE THE UNITED STATES AS A DEFENDANT FOR JOHN MURTHA** |

**ANSWER.**

**AND NOW COMES** the Plaintiff, Justin Sharratt, by and through his attorney, Noah Geary, Esquire, and respectfully requests this Honorable Court to follow the dictates of Pennsylvania law and to therefore **DENY** the Government's Motion to Substitute the United States as a Defendant for John Murtha, and in support, responds as follows:

1.      Sharratt's Complaint, unlike the facially-deficient Wuterich Complaint filed in the D.C. Circuit, clearly pleads sufficient facts that, if true, would establish that John Murtha, under Pennsylvania law, acted outside the scope of his employment when he repeatedly slandered Sharratt and violated his Constitutional Rights.

2.      Pennsylvania law clearly states that the issue of whether or not Murtha acted outside or within the scope of his employment is for a **jury** to decide at trial, not for a Judge to decide on a pre-trial Motion.

1

3.      Pennsylvania *respondeat superior law* governs this scope of employment issue for three reasons: (i) both Sharratt and Murtha reside in the Western District of Pennsylvania; (ii) Murtha made his slanderous statements while in the Western District of Pennsylvania; and (iii) because Murtha's repeated slanderous statements about Sharratt were printed and broadcast repeatedly throughout the Western District of Pennsylvania.

4.      Because this Court is required to (1) accept Sharratt's factual allegations as true, and (2) construe the Complaint liberally in his favor, Sharratt's Amended Complaint satisfies the Notice pleading standard of **Federal Rule of Civil Procedure 8(a)**.

5.      Sharratt can proceed on his Tort of Invasion of Privacy cause of action no matter what because under Third Circuit case precedent, this cause of action is not exempted from suit under Section 2680(h) of the Federal Torts Claims Act.

6.      Sharratt hereby incorporates by reference into this Answer his Brief in Opposition, which is filed simultaneously with this Answer.

**WHEREFORE**, for any and all of the above reasons, and most especially because Pennsylvania law requires that scope of employment issues be decided by juries, the Government's Motion must be denied.

Respectfully submitted,

June 19, 2009

/s/ Noah Geary
Noah Geary, Esquire
Attorney for Plaintiff
225 Washington Trust Building
Washington, PA 15301
(724) 222-3788
 PA I.D. # 78283

## CERTIFICATE OF SERVICE.

I, Noah Geary, hereby certify that I served the foregoing **Answer** upon Defense Counsel, Paul Werner, Esquire, on this day, via email:

                Paul E. Werner, Esquire
                U.S. Department of Justice
                1425 New York Avenue, N.W.
                Washington, DC 20005
                paul.werner@usdoj.gov

Date: June 19, 2009                                            /s/ Noah Geary
                                                                 Noah Geary, Esquire
                                                                 Attorney for Plaintiff
                                                                 225 Washington Trust Building
                                                                 Washington, PA 15301
                                                                 (724) 222-3788
                                                                 PA I.D. # 78283