# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# PENNSYLVANIA

| | |
|---|---|
| **JUSTIN SHARRATT** ) <br> 1348 Lucia Drive ) <br> Canonsburg, Pennsylvania 15317 ) <br>   ) <br>       Plaintiff, ) <br>   ) <br>   ) <br> vs. ) <br>   ) <br> **JOHN MURTHA**, ) <br> in his individual capacity, ) <br> 2238 Woodcrest Drive ) <br> Johnstown, Pennsylvania 15905 ) <br>   ) <br>       Defendant. ) | <br><br><br><br><br><br>**Civil Action No**. 3:08 – cv – 229 <br><br><br><br>**BRIEF IN OPPOSITION** <br><br>**Filed by: Plaintiff, Justin Sharratt** |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS.

**AND NOW COMES** the Plaintiff, Justin Sharratt, by and through his attorney, Noah Geary, Esquire, and responds as follows:

      I.      <u>John Murtha is not entitled to qualified immunity.</u>

John Murtha is not entitled to qualified immunity for two reasons:

1.      The facts as alleged by Sharratt show that Murtha violated Sharratt's Constitutional Rights. Sharratt had a Constitutional Right under the Sixth Amendment to the Presumption of Innocence, a property right in his reputation and a liberty interest in seeking the pursuit of happiness under the Due Process Clause, and the right to the Equal Protection of the Laws, specifically, to not be branded a "cold-blooded murderer" and pre-judged world-wide as guilty of "massacring" innocent women and children while pending a Court-Martial, which other U.S. Servicemen and women in similar situations were spared.

[Dockets.Justia.com](Dockets.Justia.com)

2	The Constitutional Rights violated by Murtha were clearly established at the times he violated Sharratt's rights. The Sixth Amendment to the States United Constitution was in existence in March of 2006 and thereafter, when Murtha made his slanderous statements. So was the Due Process Clause of the 14th Amendment, and the Equal Protection clause. Thus, John Murtha was on notice as a United States Congressman that Justin Sharratt was entitled to the presumption of innocence, had a due process property right in his reputation, a liberty interest in the pursuit of happiness, and the right to the equal protection of the law.

<u>Regarding Sharratt's Sixth Amendment claim, Sharratt suffered cognizable damages.</u>

The Government argues that Sharratt did not experience any compensable damages from Murtha violating his Constitutional Right under the Sixth Amendment to the Presumption of Innocence.

First of all, the presumption of innocence attached when Sharratt was initially charged with three counts of unpremeditated murder, was a right to which Sharratt was entitled to while his Article 32 Hearing was pending after receipt of the charges, existed at the commencement of his Article 32 Hearing, and to which he was entitled to after the Article 32 hearing until his charges were dropped. Secondly, Murtha made his slanderous statements starting in March of 2006. Sharratt was under investigation in March of 2006. Sharratt was charged on December 21, 2006. His charges were not dismissed until August 8, 2007. This is a period of a year and a half when Sharratt, as explained in the Affidavit incorporated into his Answer and this Brief, experienced great stress, distress, anxiety and worry that he would be convicted of murder because of Murtha's slanderous conclusory statements that Sharratt was a "cold-blooded murderer". The stress, distress, anxiety and worry are cognizable injury.

<u>Sharratt has alleged a violation of the Due Process clause.</u>

The Government tries to rely on the case of <u>Paul vs. Davis</u>, 424 U.S. 693 (1976) to argue that Sharratt had no Due Process rights which were infringed upon. However, <u>Paul vs. Davis</u> is inapposite to the instant case. The premise for the Court's holding in <u>Davis</u> was that the Plaintiff had an available avenue to pursue to redress the injury to his reputation, i.e., in state Court on a defamation claim:

> "[Davis's] interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for indication of those interests by means of damage actions."
>
> "But such a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States."
>
> "Respondent's Complaint would appear to state a classical claim for defamation actionable in the Courts of virtually every State."
>
> "[The second premise of Davis's argument] is that the infliction by officials of a "stigma" to one's reputation is somehow different in kind from the infliction by the same official of harm or injury to other interests protected by State law…"

<u>Paul vs. Davis</u>.

Here, however, because Murtha may be able to successfully invoke Sovereign Immunity on Sharratt's Slander per se claim, Sharratt will have no recourse. This is untenable. As the Supreme Court of the United States stated in <u>Bivens vs. Six unknown named agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

> "The very essence of civil liberty certainly consists in the right of

> every individual to claim the protection
> of the laws, whenever he receives an injury".
> Marbury vs. Madison, 1 Cranch 137, 163 (1803).

Moreover, the Supreme Court in Davis stated:

> "We think that the weight of our decisions
> established no constitutional doctrine converting
> **every** defamation by public official into a
> deprivation of liberty within the meaning of
> the due process clause of the Fifth or Fourteenth
> Amendment." (**Emphasis added).**

Sharratt did articulate in his Amended Complaint an additional liberty interest aside from his property right in his reputation, which Murtha has permanently smeared: His right to associate with others in the pursuit of happiness. Article I, Section I of the Pennsylvania Constitution grants Sharratt this right:

> **Section I. Inherent Rights of Mankind**.
>
> All men are born equally free and independent,
> and have certain inherent and indefeasible rights,
> among which are those of enjoying and defending
> life and liberty, of acquiring, possessing, and protecting
> property and reputation, and of pursuing their own
> happiness.

Accordingly, Sharratt has satisfied the "stigma-plus" test of Davis's progeny.

      c.    <u>Sharratt has sufficiently alleged an Equal Protection Claim.</u>

A fair construction of Sharratt's Complaint shows that Sharratt complied with the liberal Notice pleading requirements of **Federal Rule of Civil Procedure 8(a).**

      II.    <u>Sharratt is not asking this Court to "imply" a Bivens "remedy."</u>

The Government mistakenly claims that Sharratt is asking this Court to "imply" a "remedy" under <u>Bivens vs. Six unknown named agents of Federal Bureau of Narcotics</u>, 403 U.S.

388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Sharratt does no such thing. In Bivens, the Supreme Court of the United States explicitly stated:

> "That damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials should hardly seem a surprising proposition. Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty. (Citations Omitted) … the question is merely whether [Bivens], if he can demonstrate an injury consequent by the violation by federal agents of his Fourth Amendment rights, is entitled to redress his injury through a particular remedial mechanism normally available in the Federal Courts." (Citations omitted). The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. Marbury vs. Madison, 1 Cranch 137, 163 (1803). Having concluded that [Bivens] Complaint states a cause of action under the Fourth Amendment we hold that [Bivens] is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment."
>
> Bivens.

Sharratt asks this Court to imply nothing. He is entitled to damages as explicitly set forth in Bivens. The Government's argument is meritless.

By way of further response, the Government makes the additional, spurious argument that "special factors counsel hesitation" in "implying" a "remedy", and contends that three policy considerations exist that counsel against this Court "implying" a "remedy" for Sharratt:

1. Sharratt attempts to lure the Court into investigating the events in Haditha, Iraq;

2. Sharratt's claims potentially disrupt military discipline and structure;

3. Awarding Sharratt proper damages for the injuries he has sustained due to Murtha's violation of his constitutional rights would discourage elected officials from frank and vigorous public debate.

5

Sharratt responds as follows:

1.  The Haditha incident has already been investigated. The investigation is long over. Both the prosecution and the defense in the Uniform Court of Military Justice spent hundreds of thousands of dollars in sending forensics experts to the scene in question. No evidence was produced at Sharratt's Article 32 Hearing that Sharratt did anything wrong. Likewise, all charges were dismissed against Sharratt's seven Haditha Marine comrades as well.

2.  Here the Government claims that Sharratt seeks to create a new cause of action. As Sharratt pleads a <u>Bivens</u> cause of action, he does no such thing.

3.  In response to this spurious argument of the Government, Congressmen will always be able to vigorously and passionately engage in robust debate about national issues of the times. However, when a federal official violates an individual's Constitutional Rights, the individual has the right to seek redress under <u>Bivens.</u>

Again, the three arguments made by the Government above are germaine to nothing because Sharratt does not ask this Court in this case to "imply" a new <u>Bivens</u> "remedy".


### III. All of Sharratt's claims were timely filed.

The Government contends that Sharratt filed his lawsuit beyond the statute of limitations. This is incorrect. The statute of limitations in Pennsylvania for a <u>Bivens</u> action is two years. **Section 206(a) of the Servicemembers Civil Relief Act**, effective December 19, 2003, which revised the **Soldiers and Sailors Civil Relief Act of 1940**, specifically tolled the statute of limitations during Sharratt's military service. Sharratt was honorably discharged from the United States Marine Corps on September 28, 2007. The instant action was filed on September 25, 2008. Thus, all claims were timely filed.

Respectfully submitted,

June 19, 2009                                     /s/ Noah Geary
                                                  Noah Geary, Esquire
                                                  Attorney for Plaintiff
                                                  225 Washington Trust Building
                                                  Washington, PA 15301
                                                  (724) 222-3788
                                                   PA I.D. # 78283

# CERTIFICATE OF SERVICE.

I, Noah Geary, hereby certify that I served the foregoing **Brief in Opposition** upon Defense Counsel, Paul Werner, Esquire, on this day, via email:

Paul E. Werner, Esquire
U.S. Department of Justice
1425 New York Avenue, N.W.
Washington, DC 20005
paul.werner@usdoj.gov

Date: June 19, 2009 /s/ Noah Geary
Noah Geary, Esquire
Attorney for Plaintiff
225 Washington Trust Building
Washington, PA 15301
(724) 222-3788
PA I.D. # 78382