IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Justin SHARRATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:08-229 |
| | ) | |
| v. | ) | |
| | ) | JUDGE GIBSON |
| John MURTHA | ) | |
| | ) | Electronically Filed |
| and | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF
THE UNITED STATES' MOTION FOR SUBSTITUTION OF PARTY AND
DEFENDANT'S AND UNITED STATES' MOTION TO DISMISS**

Defendants Congressman John Murtha and the United States, by undersigned counsel, hereby file the following Motion for Leave to File a Reply Brief in Support of the United States' Motion for Substitution of Party and Defendant's and United States' Motion to Dismiss, and in support thereof state:

1. Plaintiff Justin Sharratt filed this law suit alleging that Congressman Murtha, by making allegedly defamatory statements to the press, violated Sharratt's due process, Sixth Amendment, and equal protection rights, and also committed the state law torts of slander per se, false light invasion of privacy, and intentional infliction of emotional distress.

2. On April 15, 2009, Sharratt amended his Complaint to add several allegations about Congressman Murtha's authority to make his allegedly defamatory remarks, and about Congressman Murtha's motives in making these remarks. See Am. Compl. ¶ 46.

3. On April 21, 2009, the United States filed a motion for substitution of party and a

supporting memorandum to substitute itself in place of Congressman Murtha as the sole defendant for Sharratt's state law claims. Concurrently, the United States and Congressman Murtha filed a motion to dismiss all of Sharratt's claims and a supporting memorandum.

4. On June 3, 2009, the Court granted the United States' motion for substitution of party and dismissed with prejudice Congressman Murtha as the defendant for Sharratt's state law claims.

5. On June 8, 2009, Sharratt filed a motion for reconsideration of the Court's June 3, 2009 order, as well as a motion for leave to file an answer and opposition to defendants' motion to dismiss Sharratt's constitutional claims. The Court granted both motions on June 8, 2009.

6. In its Memorandum in Support of United States' Motion for Substitution of Party, the United States argued that, under the Federal Employees Liability Reform and Tort Compensation Act of 1988 §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679) ("Westfall Act"), the United States was the only proper defendant for Sharratt's state law claims because those claims arose out of actions occurring within the scope of Congressman Murtha's federal employment. Specifically, the Attorney General, through his agent, certified that Congressman Murtha acted within the scope of his employment during the events which gave rise to Sharratt's state law claims. The United States also argued that the D.C. Circuit's recent decision in Wuterich v. Murtha, 562 F.3d 375 (D.C. Cir. 2009), in which the court of appeals held that Congressman Murtha was clearly acting within the scope of his employment when he made the comments that form the basis of Sharratt's Complaint, demonstrated that Congressman Murtha indeed acted within the scope of his employment when he made his allegedly defamatory remarks. The United States therefore argued that by operation of law, Sharratt's state law claims

should proceed as an action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1), (2) ("FTCA").

7. In their Memorandum in Support of Defendant's and United States' Motion to Dismiss, Defendants argued that Congressman Murtha had qualified immunity from Sharratt's constitutional claims because Sharratt failed to allege facts that, taken as true, showed Congressman Murtha violated a clearly established constitutional right. Defendants argued that furthermore, special factors and the statute of limitations barred Sharratt's constitutional claims. As for Sharratt's FTCA claims against the United States, Defendants argued those claims were barred because Sharratt had failed to satisfy the administrative claim requirements of the FTCA, the United States retained sovereign immunity for Sharratt's state law claims, and because the statute of limitations barred those claims.

8. On June 19, 2009, Sharratt filed a seventeen-page opposition and two-page answer to the United States' Motion for Substitution of Party, a seven-page opposition and two-page answer to Defendant's and United States' Motion to Dismiss, and an affidavit.

9. To allow the opportunity to address the arguments in Sharratt's opposition briefs and answers, Defendants respectfully request leave to file a reply brief in support of the United States' Motion for Substitution of Party and the Defendant's and United States' Motion to Dismiss. Specifically, Defendants request permission to file their reply brief within ten days of the granting of this motion.

10. Defendants' reply brief would be concise, and would likely assist the Court in adjudicating the pending motion for substitution of party and motion to dismiss.

Based on the above, Defendants respectfully request that the Court issue an order granting

their Motion for Leave To File a Reply Brief in Support of United States' Motion for Substitution of Party and Defendant's and United States' Motion to Dismiss, and providing that Defendants shall file their reply brief within ten days of the granting of this motion.

A proposed order is attached.


Dated: June 23, 2009                                        Respectfully submitted,


| | |
|---|---|
| MARY BETH BUCHANAN<br>United States Attorney | TONY WEST<br>Assistant Attorney General<br>Civil Division |
| JESSICA LIEBER SMOLAR<br>Assistant United States Attorney<br>Western District of Pennsylvania<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA 15219<br>(412) 894-7419 (phone)<br>PA I.D. No. 65406 | TIMOTHY P. GARREN<br>Director, Torts Branch<br><br>C. SALVATORE D'ALESSIO<br>Senior Trial Counsel, Torts Branch |

                                                                     s/ Paul E. Werner
                                          PAUL E. WERNER (MD Bar)
                                          Trial Attorney, Torts Branch
                                          UNITED STATES DEPARTMENT OF JUSTICE
                                          Torts Branch, Civil Division
                                          P.O. Box 7146
                                          Ben Franklin Station
                                          Washington, D.C. 20044
                                          (202) 616-4152 (phone)
                                          (202) 616-4314 (fax)
                                          Paul.Werner@usdoj.gov


                                          Attorneys for Defendant Congressman John
                                          Murtha and the United States

## CERTIFICATE OF SERVICE

        I hereby certify that on June 23, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Noah Geary**
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
noahgeary@ngearylawoffices.net

| | |
|---|---|
| Dated: June 23, 2009 |         s/ Paul E. Werner |
| | PAUL E. WERNER (MD Bar) |
| | Trial Attorney, Torts Branch |
| | UNITED STATES DEPARTMENT OF JUSTICE |
| | Torts Branch, Civil Division |
| | P.O. Box 7146 |
| | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | (202) 616-4152 (phone) |
| | (202) 616-4314 (fax) |
| | Paul.Werner@usdoj.gov |