# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Justin SHARRATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:08-229 |
| | ) | |
| v. | ) | |
| | ) | JUDGE GIBSON |
| John MURTHA | ) | |
| | ) | Electronically Filed |
| and | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF THE UNITED STATES' MOTION FOR SUBSTITUTION OF PARTY AND DEFENDANT'S AND UNITED STATES' MOTION TO DISMISS

### INTRODUCTION

Plaintiff Justin Sharratt offers four main arguments to oppose both the United States' motion for substitution and the defendants' motion to dismiss: (1) a jury should decide whether Defendant Congressman John Murtha's alleged conducted was within the scope of his employment; (2) the Third Circuit allows claims for invasion of privacy against the United States; (3) Congressman Murtha violated rights as old as the Bill of Rights, which were therefore clearly established; and (4) Sharratt is automatically entitled to a judicially created damages remedy for these alleged violations.

Sharratt's first argument fails to appreciate that Congressman Murtha, as a federal official, is entitled to statutory immunity from suit, and that in any event, the very facts alleged in the complaint confirm that Congressman Murtha acted within the scope of his employment as a Member of Congress. His second argument has no legal support. And his third and fourth

arguments misunderstand the standard for qualified immunity and the nature of an implied

constitutional remedy.

## ARGUMENT

**I.     THE UNITED STATES SHOULD BE SUBSTITUTED AS SOLE DEFENDANT FOR SHARRATT'S STATE LAW TORT CLAIMS.**

This Court should substitute the United States as sole defendant for Sharratt's state law

tort claims at the motion to dismiss stage for three reasons: (1) federal officials' immunity claims

must be resolved at the earliest possible stage of litigation; (2) under Third Circuit law, district

courts must determine whether, based on the pleadings, certifications, and affidavits, genuine

issues of material fact exist on the scope of employment issue; and (3) here, accepting Sharratt's

well-pled factual allegations as true, no genuine issue of material fact exists to suggest

Congressman Murtha acted outside the scope of his employment.  Therefore, Congressman

Murtha is entitled to have the United States substituted in his place as the sole defendant for

Sharratt's state law claims.

### A.     Congressman Murtha's Claims for Immunity Under the Westfall Act Must Be Resolved at the Earliest Stage of Litigation.

Because the Westfall Act, 28 U.S.C. § 2679, grants federal officials statutory immunity

from state law torts committed in the scope of their employment, this Court should determine

whether Congressman Murtha acted within the scope of employment at the first possible

opportunity.  Like other forms of immunity from suit, one essential purpose of the Westfall Act

is to shield federal employees from the taxing and difficult task of defending suits that challenge

conduct within the scope of their federal employment.  See Schrob v. Catterson, 967 F.2d 929,

935 (3d Cir. 1992).  Accordingly, invalid challenges to a scope certification must be resolved as

soon as possible and, contrary to Sharratt's contention, certainly before trial.  Id.

Sharratt's assertion otherwise—that scope-of-employment issues are for the jury—is misplaced in this case.  None of the cases Sharratt cites for his assertion involves substitution of the United States for tort claims against a federal official entitled to statutory immunity.  See Chuy v. Phila. Eagles Football Club, 595 F.2d 1265 (3d Cir. 1979) (former professional football player sues football team); Frankel v. Moody, 393 F.2d 279 (3d Cir. 1968) (estate of deceased informant sues city and local police officer); Mauk v. Wright, 367 F. Supp. 961 (M.D. Pa. 1973) (private citizen sues professional football players and team); Exner v. Gangewere, 152 A.2d 458 (Pa. 1959) (private citizens sue other private citizen).  Moreover, as explained below, the facts in Sharratt's complaint show as a matter of law that Congressman Murtha was acting within the scope of employment.  Therefore, this Court—and not a jury—should make that determination.

**B.      Under Third Circuit Law, the District Court Must Determine Whether a Challenge to a Certification of Scope of Employment Raises Genuine Issues of Material Fact.**

As an initial matter, we note that the Third Circuit has made clear that the district court is the proper venue for resolving a challenge to certification, and that such a resolution can be made on the pleadings, certifications, and affidavits unless a genuine issue of material fact exists.  See Schrob, 967 F.2d at 936.  As the court explained in Schrob, a certification that a federal employee acted within the scope of employment is prima facie evidence that the challenged conduct occurred within scope.  Id.  The burden is then on the plaintiff to produce specific facts rebutting the certification.  Id.  The court can then rule whether substitution was proper based on the pleadings, unless a genuine issue of material fact on the scope issue exists.  Id.

### **C.** **Accepting Sharratt's Factual Allegations as True, No Genuine Issue of Material Fact Exists Here.**

Although Sharratt contends his Amended Complaint "pleads sufficient facts" which, taken as true, rebut the Government's Certification, Pl.'s Opp'n to Mot. to Sub. 5, when applying the Supreme Court's recently delineated standard for identifying the factual allegations of a complaint—as opposed to the legal conclusions—Sharratt's Amended Complaint contains no factual allegations suggesting Congressman Murtha acted outside the scope of his employment. Accordingly, no genuine issue of material fact exists here, and this Court should substitute the United States for Congressman Murtha.

### **i.** **The Legal Conclusions in Sharratt's Amended Complaint Are Not Entitled to Consideration.**

Although Sharratt attempted to add factual allegations to his Amended Complaint in paragraph 46, the vast majority of those allegations are mere legal conclusions, which under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), are entitled to no consideration. In Iqbal, the Court emphasized that for a complaint to survive a motion to dismiss, it must contain enough "factual matter" which, taken true, states a plausible claim for relief. Id. at 1949. Legal conclusions should be ignored. Id. at 1949-50.

Applying that standard here, Sharratt's Amended Complaint indeed is woefully insufficient. Of the thirteen sub-paragraphs Sharratt inserted in paragraph 46 of his Amended Complaint, only three potentially contain "factual material" entitled to a presumption of truth at the motion to dismiss stage: sub-paragraphs b, c, and m.[1] The remaining ten sub-paragraphs

---

[1]As explained *infra*, these three allegations neither demonstrate that Congressman Murtha acted outside the scope of his employment nor create a genuine issue of material fact on that question.

contain "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, which, as Iqbal made clear, should be ignored. See Iqbal, 129 S. Ct. at 1949, 1951.

For example, Sharratt's assertions that Congressman Murtha's conduct "constituted willful misconduct," Am. Compl. ¶ 46.h, "was completely irresponsible and unreasonable," id. ¶ 46.k, and "was utterly outrageous," id. ¶ 46.e, are precisely the type of "legal conclusions" that Iqbal instructed courts to set aside. See Iqbal, 129 S. Ct. at 1951 (describing allegations that defendants "willfully and maliciously" adopted unconstitutional policy "for no legitimate penological interest" as "conclusory and not entitled to be assumed true" (quoting Iqbal Complaint)).

### ii.    The Remaining Factual Allegations in Sharratt's Complaint Fail To Show Congressman Murtha Acted Outside the Scope of Employment.

Accepting the remaining factual allegations in the Amended Complaint as true, Sharratt's complaint fails to show Congressman Murtha acted outside the scope of his employment. Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (1988) ("FTCA"), the standard for scope of employment is determined by the law of the state where the alleged tort occurred. See 28 U.S.C. § 1346(b)(1); Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000). Sharratt alleges that the tortious conduct here occurred in Pennsylvania, Am. Compl. ¶ 4, and thus Pennsylvania scope-of-employment law applies.

Pennsylvania has adopted the Restatement (Second) of Agency ("Restatement") definition of scope of employment. See Brumfield, 232 F.3d at 380 (citing Butler v. Flo-Ron Vending Co., 557 A.2d 730 (Pa. Super. 1989)). Under the Restatement, conduct is within the scope of employment if: (1) it is the kind the employee is employed to perform; (2) it occurs

substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master.[2]  Restatement § 228(1).

Applying this standard to Sharratt's remaining factual allegations, there can be no doubt that Congressman Murtha's alleged conduct was within the scope of his employment as a congressman.  Sharratt's allegations boil down to just three factual allegations: (1) Congressman Murtha made "defamatory" statements about the Haditha incident to the media, Am. Compl. ¶¶ 7-10; (2) no other federal legislators commented on the "Haditha criminal investigation," id. ¶¶ 46.b-c; and (3) Congressman Murtha made his statements to "curry favor with [then-House Minority Leader Nancy] Pelosi" in order to become "House Majority Leader" and "further his political career."  Id. ¶ 46.m.  None of these allegations affect the scope-of-employment analysis here.

First, Congressman Murtha's alleged conduct was of the kind he was employed to perform.  As the D.C. Circuit recently remarked, "interviews with the media about the pressures on American troops in the ongoing Iraq war . . . is unquestionably of the kind that Congressman Murtha was employed to perform as a Member of Congress."  Wuterich v. Murtha, 562 F.3d 375, 384 (D.C. Cir. 2009) (emphasis added).[3]  Sharratt's allegation that no other legislators commented on the Haditha incident simply has no bearing on whether Congressman Murtha's conduct was of the kind he was employed to perform, and flies directly in the face of the D.C.

---

[2]The Restatement contains a fourth element which applies when intentional force is used.  See Restatement § 228(1)(d).  Because no force is alleged here, that element is not listed above.

[3]Although the court in Wuterich applied D.C. scope-of-employment law, the court noted that D.C. and Pennsylvania law are similar here because both jurisdictions adopt the Restatement definition for scope of employment.  See Wuterich, 562 F.3d at 383.

Circuit's opinion in Wuterich.

Second, Congressman Murtha's conduct occurred substantially within the authorized time and space limits of his employment. Sharratt makes no allegations or arguments otherwise.

Third, Congressman Murtha's conduct was actuated, at least in part, by a purpose to serve the master. Sharratt's allegation that Congressman Murtha wanted to advance his political position, even taken as true, does not take his conduct outside the scope of employment because "[i]t is natural for public officials to believe that their own success, and that of their political parties, is inextricably linked with the public interest." Operation Rescue Nat'l v. United States, 975 F. Supp. 92, 108 (D. Mass. 1997), aff'd, 147 F.3d 68 (1st Cir. 1998). Moreover, Congressman Murtha at a minimum had a partial desire to serve the master because his conduct was "part and parcel of Congressman Murtha's job as a legislator charged with overseeing military affairs" and was intended, at least in part, "to serve his constituents by advancing legislation to bring home American troops stationed in Iraq." Wuterich, 562 F.3d at 385. Furthermore, Congressman Murtha's comments were "directly tied to his congressional political agenda and thus cannot support a claim that the Congressman acted outside the scope of his employment." Id. at 386. The D.C. Circuit summed it up best when it remarked that "it is hard to fathom how Congressman Murtha's discussion of grave public policy concerns relating to the war in Iraq could ever fall outside the scope of employment." Id. at 385. Sharratt's allegations do not impact this analysis, nor do they create any genuine issue of material fact here. Accordingly, on the face of the complaint, Congressman Murtha was acting within the scope of employment and this Court should substitute the United States as defendant.

## II.     SOVEREIGN IMMUNITY BARS ALL OF SHARRATT'S STATE LAW CLAIMS.

Sharratt's challenge to the Attorney General's scope certification having failed, the resulting claims against the United States then proceed subject to the limitations and exceptions of the FTCA.  Because Sharratt has not filed for administrative relief—a fact he concedes—Sharratt's state law claims must be dismissed for lack of subject matter jurisdiction, as explained in our moving papers.  <u>See</u> Mem. in Supp. of Defs.' Mot. to Dismiss Part II.A.  In addition, even if Sharratt had complied with the jurisdictional prerequisite of exhausting his administrative remedies, the FTCA's defamation exception still bars Sharratt's claims.

Although Sharratt insists that the Third Circuit allows claims for "false light invasion of privacy" against the United States under the FTCA, the cases he cites for this proposition offer him no support in this case.  <u>Quinones v. United States</u>, 492 F.2d 1269 (3d Cir. 1974), held that a former government employee had a cause of action for alleged <u>negligent</u> maintenance of his employment record, which led to damage to his reputation.  <u>See id.</u> at 1280-81.  The court explicitly said that the FTCA bars claims of intentional misconduct—such as slander—because Congress, in retaining sovereign immunity for claims arising from slander, was concerned "that government officials should not be hampered in their writing and speaking by the possibility that their actions would give rise to government liability."  <u>Id.</u> at 1280.

The second case Sharratt cites, <u>O'Donnell v. United States</u>, 891 F.2d 1079 (3d Cir. 1989), offers no support because the court never reached the question of whether the FTCA allows for an invasion of privacy claim.  Instead, the court affirmed the district court's dismissal of the plaintiff's invasion of privacy claim because there was no dispute that defendants acted negligently, whereas the tort alleged required intent.  <u>See id.</u> at 1083.

In any event, Sharratt's false light claim is essentially the same as his slander per se claim because he simply repeats his allegations of defamation and adds only that the comments placed him in a false light. Am. Compl. Count V. Therefore, his claim would not be permitted under the FTCA, even if the Third Circuit generally allowed false light invasion of privacy claims against the government under that statute, because a plaintiff cannot avoid the FTCA's exceptions by switching a tort's label. See Brumfield, 232 F.3d at 383. Accordingly, Sharratt's false light claim is not actionable under the FTCA.

## III.   SHARRATT'S CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED.

Congressman Murtha is entitled to qualified immunity from Sharratt's constitutional tort claims because Sharratt failed to allege facts that, if true, show he violated a clearly established constitutional right. Sharratt's response that Congressman Murtha violated clearly established rights because the Fourteenth and Sixth Amendments were in existence in 2006 misses the mark.

Sharratt simply invokes general constitutional principles and then claims that these principles establish that "clearly established law" was violated. Pl.'s Opp'n to Mot. to Dismiss 2. In doing so, Sharratt urges the very approach condemned by the Supreme Court in Anderson v. Creighton, 483 U.S. 635 (1987)—namely, that the rights alleged to have been violated were clearly established in the abstract. See id. at 639 ("[I]f the test of 'clearly established law' were to be applied at this level of generality, . . . Plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."). Rather, Anderson teaches that the right at issue must be examined with particularized reference to the circumstances in which the defendant acted, id. at 639-40, and that for a constitutional right to be clearly established, the contours of the right allegedly

violated must be clear enough that a reasonable official would recognize that what he is doing violates that right. Id. at 640. Sharratt's argument disregards these teachings. Indeed, not only does he fail to allege constitutional violations at the proper level of specificity but, in addition, undersigned counsel can find no cases—and Sharratt cites none—that remotely suggest that a congressman may violate the Due Process Clause, the Sixth Amendment, or the Equal Protection Clause when he speaks to the media about major current events. Therefore, Congressman Murtha is entitled to qualified immunity.

Additionally, special factors counsel hesitation by this Court in implying a remedy here. Sharratt characterizes this argument as "spurious," Pl.'s Opp'n to Mot. to Dismiss 5, but cites no authority to challenge Congressman Murtha's argument. As with the qualified immunity defense, Sharratt fails to understand the nature of a Bivens remedy. In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Court implied a damages remedy for a violation of the Fourth Amendment where federal officials executed an improper search and seizure after noting that no special factors counseled hesitation. Id. at 396. As the Court has repeatedly stressed in the nearly four decades since Bivens, a Bivens remedy is "not an automatic entitlement." Wilkie v. Robbins, 127 S. Ct. 2588, 2597 (2007). Indeed, the Court recently remarked that "[b]ecause implied causes of action are disfavored, the Court has been reluctant to extend Bivens liability 'to any new context or new category of defendants.'" Iqbal, 129 S. Ct. at 1948 (quoting Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001)). To award Sharratt a damages remedy against Congressman Murtha here would do just that—extend Bivens liability to a new context.

Moreover, special factors indeed counsel hesitation here. As detailed in the defendants'

moving papers, Mem. in Supp. of Defs.' Mot. to Dismiss Part I.B, adjudication of this case on

the merits and implication of a damages remedy could lead to a fresh investigation into the

Haditha incident of November 2005, could disrupt military discipline by allowing a former

enlistee to sue the civilian leadership of the military, and could chill politicians from open and

robust debate over pressing national concerns.[4]  Accordingly, this Court should refrain from

implying a <u>Bivens</u> remedy here.

On a final note, even without all the above arguments, Sharratt's constitutional claims are

barred because he filed them beyond the statute of limitations.  Defendants concede that if

Sharratt had pled in his Amended Complaint that he was enlisted in the Marines until September

28, 2007, his claims would have been timely filed under the tolling provision of 50 App. U.S.C.

§ 526(a).  However, Sharratt's Amended Complaint makes no mention of when he left the

Marines, and states only that he was in the Marines in November 2005.  Am. Compl. ¶ 5.  Nor

can Sharratt amend his complaint in an opposition brief or with an affidavit.  <u>See</u> <u>Pennsylvania</u>

<u>ex rel. Zimmerman v. Pepsico, Inc.</u> 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the

complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting <u>Car</u>

<u>Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1107 (7th Cir. 1984))); <u>see also</u> <u>McArdle v.</u>

<u>Tronetti</u>, 961 F.2d 1083, 1089 (3d Cir. 1992) (holding that plaintiff cannot amend complaint with

affidavit after defendants filed motion to dismiss).  Regardless, defendants' other arguments give

this Court ample authority to dismiss all of Sharratt's claims.

---

[4]Although Sharratt is correct in noting that the military already conducted an investigation
of the Haditha incident, Pl.'s Opp'n to Mot. to Dismiss 6, Congressman Murtha is not obligated
to accept that investigation's findings.  Neither is this Court.

## CONCLUSION

In opposition to the defendants' arguments, which are based for the most part on Supreme Court and Third Circuit precedent, Sharratt has offered mistaken and unfounded legal theories. The law speaks for itself. This Court should substitute the United States as sole defendant for Sharratt's state law claims, and should grant the defendants' motion to dismiss all of his claims.


Dated: June 25, 2009                                    Respectfully submitted,


MARY BETH BUCHANAN                          TONY WEST
United States Attorney                               Assistant Attorney General
                                                              Civil Division
JESSICA LIEBER SMOLAR
Assistant United States Attorney               TIMOTHY P. GARREN
Western District of Pennsylvania              Director, Torts Branch
700 Grant Street, Suite 4000
Pittsburgh, PA 15219                              C. SALVATORE D'ALESSIO
(412) 894-7419 (phone)                          Senior Trial Counsel, Torts Branch
PA I.D. No. 65406


                                                          _____s/ Paul E. Werner_____
                                                          PAUL E. WERNER (MD Bar)
                                                          Trial Attorney, Torts Branch
                                                          UNITED STATES DEPARTMENT OF JUSTICE
                                                          Torts Branch, Civil Division
                                                          P.O. Box 7146
                                                          Ben Franklin Station
                                                          Washington, D.C. 20044
                                                          (202) 616-4152 (phone)
                                                          (202) 616-4314 (fax)
                                                          Paul.Werner@usdoj.gov

                                                          Attorneys for Defendant Congressman John
                                                          Murtha and the United States

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Noah Geary**
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
noahgeary@ngearylawoffices.net

Dated: June 25, 2009

_____s/ Paul E. Werner_____
PAUL E. WERNER (MD Bar)
Trial Attorney, Torts Branch
UNITED STATES DEPARTMENT OF JUSTICE
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044
(202) 616-4152 (phone)
(202) 616-4314 (fax)
Paul.Werner@usdoj.gov